UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PATRICIA DIVERS | § | |
| | § | |
| v. | § | CIVIL NO. 4:25-CV-160-SDJ |
| | § | |
| FRISCO VKS, LLC | § | |

## MEMORANDUM OPINION AND ORDER

This personal injury case was originally filed in Texas state court and then timely removed to this Court. Following removal, Plaintiff Patricia Divers filed an amended complaint confirming that "[t]he Court has continuing jurisdiction under 28 U.S.C. § 1332(a)(1) because . . . the amount in controversy exceeds $75,000, excluding interest and costs." (Dkt. #17 ¶ 3). Months later, Divers had a change of heart. She filed a "Stipulation of Cap on Plaintiff's Damages," which contradicted her amended complaint by stating that her damages "will not exceed $75,000." (Dkt. #21). She then filed her Motion to Remand, (Dkt. #22), asserting that the Court "no longer" has subject-matter jurisdiction because the amount-in-controversy requirement is not met. (Dkt. #21). Because controlling Fifth Circuit precedent precludes such an effort to manipulate the existence of diversity jurisdiction, the remand motion is **DENIED**.

### I. BACKGROUND

Divers sued Defendant Frisco VKS, LLC in Texas state court, asserting a negligence claim for injuries she claims to have suffered on VKS's premises. (Dkt. #3). VKS filed a timely removal notice alleging diversity jurisdiction under 28 U.S.C.

1

§ 1332. (Dkt. #1); (Dkt. #8 ¶¶ 5–6). After VKS filed an Amended Notice of Removal, (Dkt. #8), the Court ordered the parties to submit an amended complaint and an amended answer if necessary to comply with the Federal Rules of Civil Procedure. (Dkt. #16). Both parties repleaded accordingly. (Dkt. #17, #18). Divers' First Amended Complaint states that the Court has jurisdiction and the amount in controversy exceeds $75,000. (Dkt. #17 ¶ 3). In both its Amended Notice of Removal, (Dkt. #8 ¶ 11), and First Amended Answer, (Dkt. #18 ¶ 3), VKS asserts that this Court has jurisdiction.

Two months later, Divers filed a Stipulation of Cap on Plaintiff's Damages, contradicting the First Amended Complaint by stating her damages "will not exceed $75,000." (Dkt. #21). Thereafter, Divers submitted her remand motion, claiming that diversity jurisdiction "no longer" exists. (Dkt. #21). VKS is unopposed to the remand motion. (Dkt. #24 ¶ 10). At all times, the parties have agreed that the diversity-of-citizenship requirement of 28 U.S.C. § 1332(a) is met. The only question raised by Divers' remand motion is whether the statute's amount-in-controversy requirement is satisfied.

## II. LEGAL STANDARD

A civil case brought in state court may be removed to federal court if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). A federal court has diversity jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

The party removing the case to federal court bears the burden of showing that removal was proper and that federal jurisdiction exists. *Manguno v. Prudential*

2

*Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). As a result, "all 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *Zeitler ex rel. Arvizo v. CNH Am., LLC*, No. 6:18-CV-508, 2019 WL 3806073, at *2 (E.D. Tex. Apr. 2, 2019) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The Supreme Court also has instructed federal courts to construe removal statutes strictly, favoring remand to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

Generally, under 28 U.S.C. § 1446(c)(2), "'the sum demanded in good faith in the initial pleading' is 'the amount in controversy.'" *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1056 (5th Cir. 2022) (citing 28 U.S.C. § 1446(c)(2)). However, under Texas law, a plaintiff need not allege a specific amount in damages. Rather, a Texas plaintiff's original pleading need only contain a statement that the party seeks one of five ranges of damages, the lowest of which is $250,000 or less. *See* TEX. R. CIV. P. 47(c).

In cases "[w]here the petition alleges only a range of damages and not a specific amount in controversy, removal is proper if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00." *Edwards v. Drenik*, No. 1:19-CV-322, 2020 WL 13926024, at *3 (E.D. Tex. Apr. 16, 2020). The burden is met by the removing party if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that

3

support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (internal citation omitted). If the removing party carries its burden, "remand is not warranted unless the plaintiff establishes 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Edwards*, 2020 WL 13926024 at *4 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). The plaintiff may establish this legal certainty "by identifying a statute, or by filing a binding stipulation, that so limits her recovery." *Manguno*, 276 F.3d at 724. However, "'this is not a burden-shifting exercise;'" rather, it is an attempt to ascertain the amount in controversy at the time of removal, so the "'plaintiff must make all information known at the time he files the complaint.'" *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002) (quoting *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).

### III. DISCUSSION

#### A. Jurisdictional Facts Are Determined at the Time of Removal.

"Jurisdictional facts are determined at the time of removal, not by subsequent events." *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014). If, at the time of removal, it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, jurisdiction is established and subsequent events reducing the amount in controversy below $75,000 generally will not divest the court of diversity jurisdiction. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *see also St. Paul Mercury Indem.*, 303 U.S. at 289–90 (explaining that, in general, "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction"). Therefore,

"'[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints.'" *Edwards*, 2020 WL 13926024, at \*4 (quoting *De Aguilar*, 47 F.3d at 1412) (emphasis added).

Fifth Circuit precedent confirms that, although post-removal filings may not be considered "to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court," they can be considered to the extent they "clarify or amplify the claims actually alleged" in the removed pleading. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)). As particularly relevant here, the Fifth Circuit allows review of a post-removal filing, such as an amended complaint, that clarifies a petition that left the jurisdictional question ambiguous. *See, e.g.*, *'Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998) (holding that "the court is considering information submitted after removal" because it "clarif[ies] a petition that previously left the jurisdictional question ambiguous"). What a litigant cannot do is attempt to use a post-removal filing to erase diversity jurisdiction that existed at the time of removal. *See Cavallini*, 44 F.3d at 265 ("The Cavallinis' proposed amended complaint [did] not clarify the jurisdictional facts at the time of removal; it attempt[ed] instead to amend away the basis for federal jurisdiction.").

### B. Divers' Amended Complaint, Which Clarifies and Establishes the Jurisdictional Amount at the Time of Removal, Defeats her Remand Motion.

Divers' First Amended Complaint is fatal to her remand motion. Recall that her state court complaint failed to make clear whether the amount in controversy exceeds $75,000, as required for diversity jurisdiction. Her First Amended Complaint, filed post-removal, states as follows: "The Court has *continuing jurisdiction* under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs." (Dkt. #17 ¶ 3) (emphasis added). Thus, the First Amended Complaint clarifies that the amount in controversy at the time of removal exceeded $75,000.

Months after her First Amended Complaint was filed, Divers attempted to change course and destroy diversity jurisdiction. She submitted her "Stipulation of Cap on Plaintiff's Damages," which contradicts the First Amended Complaint by stating that her damages "will not exceed $75,000." (Dkt. #21). Notably, Divers goes on to contend in her stipulation that "pursuant to 28 U.S.C. § 1332, this case is *no longer* under this Court's jurisdiction and should be remanded to the state court from which it was removed." (Dkt. #21) (emphasis added). Taken together with her First Amended Complaint, Divers' stipulation makes clear that she understands her case met the jurisdictional-amount requirement for diversity at the time of removal, but with the filing of her stipulation, months later, she believes she has destroyed diversity jurisdiction, requiring remand.[1]

---

[1] Tellingly, Divers' First Amended Complaint references the Court's "continuing jurisdiction," acknowledging the presence of diversity jurisdiction at the time of removal,

Divers is mistaken. As the Court has explained, jurisdictional facts are determined at the time of removal, not by subsequent events. *Am. Nat. Prop. Cas. Co.*, 746 F.3d at 635. The Fifth Circuit holds that post-removal affidavits or stipulations of the plaintiff may be considered only in limited circumstances. *See ANPAC*, 988 F.2d at 566. Specifically, they may be considered to clarify the amount in controversy as of the date of removal when it is ambiguous. *Gebbia*, 233 F.3d at 883. The Fifth Circuit has held that the defendant has not met the burden for removal when:

> (1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [$75,000]; (2) the defendant[] offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiff['s] claims; and (3) the plaintiff[] timely contested removal with a sworn, unrebutted affidavit indicating that the amount in controversy was not present.

*ANPAC*, 988 F.2d at 566. The circumstances described in *ANPAC* are not present here. Any ambiguity concerning the amount in controversy ceased when Divers filed her First Amended Complaint, which made clear that "the amount in controversy exceeds $75,000, excluding interest and costs." (Dkt. #17 ¶ 3).

The Fifth Circuit "has spoken adamantly of 'preventing the plaintiff from being able to destroy the jurisdictional choice that Congress intended to afford a defendant

---

while her later-filed stipulation states that the Court "no longer" has diversity jurisdiction, confirming that Divers mistakenly believes she may negate diversity jurisdiction at any time by stipulating that, going forward, she will only seek recovery of an amount below the jurisdictional minimum. Of course, litigants have no such power to manipulate diversity jurisdiction. *See Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985) (stating that "tactical manipulation [by the] plaintiff cannot . . . be condoned") (quoting *Austwick v. Board of Education,* 555 F.Supp. 840, 842 (N.D. Ill. 1983)).

in the removal statute.'" *De Aguilar*, 47 F.3d at 1411 (quoting *Boelens*, 759 F.2d at 507). Although VKS does not oppose remand, (Dkt. #24 ¶ 10), a party can neither create nor destroy subject-matter jurisdiction by waiver or consent. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). As the master of her complaint, Divers could have "resort[ed] to the expedient of suing for less than the jurisdictional amount" before removal. *St. Paul Mercury Indem.*, 303 U.S. at 294; *see also De Aguilar*, 47 F.3d at 1410. However, since the amount in controversy was met at the time of removal, allowing a voluntary reduction of the amount demanded would permit the "postremoval shenanigans" prohibited by *St. Paul Mercury*. *Elizondo v. Pilgrim's Grp., Inc.*, No. 96-40281, 1996 WL 625327, at *4 (5th Cir. Oct. 1, 1996). Therefore, wary of "the potential for abusive manipulation" the Court concludes that it retains subject-matter jurisdiction under 28 U.S.C. § 1332(a). *De Aguilar*, 47 F.3d at 1410.

## IV. CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Remand, (Dkt. #22), is **DENIED**.

So ORDERED and SIGNED this 7th day of November, 2025.

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE